UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GLENN E. BURKET, | ) | CASE NO.: 5:05CV2814 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| BUTLER MANUFACTURING CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the Court on cross motions for summary judgment. (Docs. #18 & 19) The main issue before the Court is whether Defendant Butler Manufacturing Co. has breached its warranty with Plaintiff Glenn E. Burket. Plaintiff also brings the additional issue of whether the warranty has failed its essential purpose.

## FACTS

This action involves the alleged failure of "The Butler-Cote 500FP paint system," which coated 27,000 square feet of the exterior roofing panels on Plaintiff's galvanized steel building located on Middle Run Road in Dover, Ohio. The panels were purchased in 1994. The panel coatings were covered by a warranty from Defendant which provided that the coatings would not: "(a) [c]rack, check or peel (lose adhesion); (b) [c]halk in excess of ASTM D4212 No.8 rating; (c) [f]ade (change color) more than 5 color difference units per ASTM D224;" or "(d) [d]ecline in gloss more than 50% per ASTM D5323,"[1] for a period of twenty years from shipment date.

---

[1] Sample Warranty provided by both parties, Section A(1).

Within seven years from installation, Plaintiff made a claim under the warranty alleging that the roof was covered throughout with elongated areas of bare rusting metal and additional areas where the surface coating was delaminating from the primer or from the galvanized metal itself.

The warranty at issue in this case provides that Defendant "will correct by repair, repainting or by furnishing replacement materials."[2] Defendant denied Plaintiff's claim, citing warranty exclusions for damage occurring during shipment, storage, construction, or due to roof traffic.  Plaintiff filed suit in Tuscarawas County in 2002.  That litigation resulted in a settlement whereas the roof was to be repaired and Defendant agreed to reaffirm its original warranty and to delete exclusions for paint failure caused by shipment, storage, erection or foot traffic.  These repairs were completed by October 7, 2003 by a company hired by Defendant called Midwest Refinishing, Inc. ("Midwest")

On June 30, 2005, Plaintiff submitted another claim under the warranty alleging that the coating was, again, rusting and peeling.  Defendant sent out Ken Huff of Midwest and a representative of Pratt and Lambert Paint to observe the roof.  Huff opined that the cold night temperatures and dew had prevented the repair coating from properly adhering to the factory coatings.  He proposed that Midwest could power wash, spot sand and spot prime the problem areas and apply an additional finish coat over the entire roof. Plaintiff's expert, however, claims that this is not a viable alternative to replacement, stating in pertinent part,

> . . . It is my opinion, within a reasonable degree of scientific certainty, that the roof panels on Plaintiff's building cannot be repaired at this time without the sand blast removal of all existing coatings.  This would damage the integrity of the underlying galvanized coating and is not a realistic option under the circumstances presented.  It is my further opinion that any

---

[2] *Id.*

> repair which would involve merely repainting over existing coatings will eventually fail catastrophically. . . .

Affidavit of Michael Neag, exhibit 4 attached to Plaintiff's Motion for Summary Judgment.

## APPLICABLE LAW

Summary Judgment is appropriate only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986). The moving party must demonstrate to the court, through reference to pleadings and discovery responses, the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323. This is so that summary judgment can be used to dispose of claims and defenses, which are factually unsupported. *Id.* at 324. The burden on the nonmoving party is to show, through the use of evidentiary materials, the existence of a material fact which must be tried. *Id.* The court's inquiry at the summary judgment stage is to determine "whether there is the need for a trial - whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson,* 477 U.S. at 250. However, the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson,* 477 U.S. 242, 247-48 (1986) (emphasis in original). "A dispute over a material fact is 'genuine' if 'a reasonable jury could return a verdict for the non-moving party.'" *McMillian v. Potter,* 130 Fed.Appx. 793, 796 (6th Cir. May 11, 2005) (quoting *Anderson,* 477 U.S. at 248).

The court's treatment of facts and inferences in a light favorable to the nonmoving party does not relieve that party of its obligation "to go beyond the pleadings" to oppose an otherwise properly supported motion for summary judgment under Rule 56(e). *See Celotex,* 477 U.S. at 324. The nonmoving party must oppose a proper summary judgment motion "by any kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves . . . ." *Id.* Rule 56(c) states, "[t]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." However, "only admissible evidence may be considered when ruling on a motion for summary judgment. *Wiley v. United States,* 20 F.3d 222, 225 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.,* 854 F.2d 1179, 1181 (9th Cir. 1988)). A scintilla of evidence in favor of the nonmoving party is not sufficient. *Anderson,* 477 U.S. at 252.

As a general matter, a district court considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson,* 477 U.S. at 248. The court cannot consider non-material facts, nor can it weigh material evidence to determine credibility or the truth of the matter. *See id.* at 249. The court's sole function is to determine whether there is a genuine fact for trial. *Id.* This does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for [that] party." *Id.* In sum, a proper summary judgment analysis asks whether a trial is necessary.

This action was removed based solely on diversity jurisdiction.  A federal court sitting in diversity must apply the substantive law of the forum state.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Talley v. State Farm Fire & Cas. Co.*, 223 F.3d 323, 326 (6th Cir.2000).  In this case, Ohio law governs.

## DISCUSSION

As stated above, the main issue before the Court is whether, as a matter of law, Defendant has breached the warranty at issue.  The warranty provides that Defendant "will correct by repair, repainting or by furnishing replacement materials."  The choice appears to belong exclusively to Defendant.  Defendant offered to repair the roof under the warranty.  Plaintiff refuses to accept this offer and insists that the roof be replaced[3] or be given money damages.  Defendant has submitted two affidavits in support of its claim that the roof can be repaired.[4]  Plaintiff has also submitted an affidavit and expert report in support of his claim that the roof cannot be repaired and must be replaced.[5]  The contradictory affidavits demonstrate that there exists a genuine issue of material fact as the Court cannot weigh the evidence when ruling on a motion for summary judgment.  Therefore, the Court cannot find as a matter of law that Defendant has or has not breached the warranty at issue.[6]

---

[3] The Court notes that the Complaint only states a prayer for money damages and makes no claim for a declaratory judgment.

[4] Affidavit of James Wilson, exhibit D attached to Defendant's Motion for Summary Judgment and Affidavit of Kenneth Ruff from Midwest Refinishing, exhibit E attached to Defendant's Motion for Summary Judgment.

[5] Affidavit of Michael Neag, exhibit 4 attached to Plaintiff's Motion for Summary Judgment; ECF document #21.

[6] Defendant cited *Abele v. Bayliner Marine Corp.,* 11 F.Supp2d 955, 961 (N.D. Ohio 1997) for the proposition that it should be permitted a "reasonable number of attempts" to cure the defect.  However, the *Abele* case was not based on Ohio law and appears, from the case law cited, to be basing its finding on the plaintiff's claim under the Magnuson-Moss Warranty Act.  Such a claim has not been asserted in this case.

Plaintiff also asserts that he should be awarded summary judgment on the issue of whether the warranty failed its essential purpose based on Defendant's refusal to replace the roof.  As authorized under O.R.C. § 1302.93(A)(1), Defendant limited its liability under the express warranty to repair or replacement.  The warranty excludes any liability for consequential damages.  The applicable section reads in pertinent part:

> Except where such disclaimers and exclusions are specifically prohibited by law, THE FOREGOING SETS FORTH THE ONLY GUARANTIES OR WARRANTIES APPLICABLE TO SAID BUILDING AND THE COMPONENTS THEREOF AND SAID WARRANTIES ARE GIVEN EXPRESSLY AND IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE and ALL WARRANTIES WHICH EXCEED OR DIFFER FROM SAID WARRANTIES ARE DISCLAIMED BY BUTLER. . . .  THE OWNER'S AND BUTLER BUILDER'S SOLE AND EXCLUSIVE REMEDY AGAINST BUTLER SHALL BE LIMITED TO THE APPLICABLE WARRANTIES SET FORTH HEREIN AND THE ENDORSEMENTS, IF ANY, ISSUED TOGETHER WITH THIS DOCUMENT AND NO OTHER REMEDY (INCLUDING BUT NOT LIMITED TO THE RECOVERY OF DIRECT, INCIDEN TAL, SPECIAL, INDIRECT, OR CONSEQUENTIAL DAMAGES FOR LOST PROFITS, LOST SALES, INJURY TO PERSON OR PROPERTY, OR ANY OTHER LOSS) SHALL BE AVAILABLE TO THE OWNER OR THE BUTLER BUILDER OR ANY OTHER PERSONS OR ENTITIES, WHETHER BY DIRECT ACTION, FOR CONTRIBUTION OR INDEMNITY OR OTHERWISE.  This exclusive remedy shall not be deemed to have failed its essential purpose as long as Butler is willing and able to carry out the terms of the warranties set forth herein.

Sample Warranty, p. 2, paragraph 7.  Although it appears that Plaintiff cannot receive damages for breach of the warranty, it is arguable that Plaintiff may be able to recover under the theory that the warranty has failed its essential purpose, if such can be demonstrated.  *See* O.R.C. § 1302.93(b), U.C.C. § 2-719(2).

However, as stated above, there remains a genuine issue of material fact as to whether the roof can be repaired or whether it must be replaced to cure the problem.

Because a reasonable jury could find that repair would be a proper remedy, the Court cannot find, as a matter of law, that the warranty has failed its essential purpose.

## CONCLUSION

Based on the above, it is hereby determined that Plaintiff's Motion for Summary Judgment is DENIED and Defendant's Motion for Summary Judgment is DENIED. A trial date will be set forthwith.

So ordered.

>	_____*s/ Judge John R. Adams*_____
> JUDGE JOHN R. ADAMS
> UNITED STATES DISTRICT COURT